UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTIAN DOSCHER,

     Plaintiff,

v.                                    Case No:  6:19-cv-76-Orl-37TBS

APOLOGETICS AFIELD, INC.,

     Defendant.

_____

ORDER

     This case comes before the Court without a hearing on Plaintiff's Affidavit and Motion for Reconsideration (Doc. 13). The Court entered an order identifying certain deficiencies in Plaintiff's complaint and carrying his motion to proceed *in forma pauperis* with an opportunity to amend (Doc. 11). Plaintiff timely amended his complaint (Doc. 12) and the pending motion for reconsideration of the Court's Order (Doc. 13).

     Plaintiff bases his motion for reconsideration on FED. R. CIV. P. 54(b). This is error. Rule 54(b) pertains to the entry of final judgment on multiple claims or a case that involves multiple parties. The rules of civil procedure do not provide for the filing of a motion for reconsideration. But, it is generally understood that Rule 59(e) encompasses such motions. 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1 (3d ed. 2017); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

     Reconsideration of a court's order is an extraordinary remedy to be "used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). "Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts,

or mistakenly has decided an issue not presented for determination." <u>U.S. v. Halifax Hosp. Medical Center</u>, No. 6:09-cv-1002-Orl-31TBS, 2013 WL 6284765, at \*1 (M.D. Fla. Dec. 4, 2013). Reconsideration is also warranted based upon: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>McGuire v. Ryland Grp., Inc.</u>, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" <u>Florida College of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). A party may not use a motion for reconsideration to ask the district court to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." <u>Wilchombe v. TeeVee Toons, Inc.</u>, 555 F.3d 949, 957 (11th Cir. 2009) (quoting <u>Michael Linet, Inc. v. Vill. of Wellington, Fla.</u>, 408 F.3d 757, 763 (11th Cir. 2005)).

The party moving for reconsideration must present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>McGuire</u>, 497 F. Supp. 2d at 1358 (internal quotations omitted). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." <u>Id.</u> (internal quotations omitted). "A party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." <u>Id.</u> (internal quotations omitted). "To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied." <u>Capitol Body Shop</u>, Case No. 6:14-cv-6000-Orl-31TBS, Doc. 129 at 3 (citing <u>St. Paul Fire</u>

& Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd., 976 F. Supp. 198, 201-02 (S.D.N.Y. 1996)).

Plaintiff rejects the Court's assessment of his complaint and argues that reconsideration is necessary because the prior Order imposed a "flawed legal standard" on him (Doc. 13 at 1, 9). He argues that the Order "fails the minimum standard of review required by the 11th Circuit" and "[c]learly … constitutes a legally insufficient degree of review" (Id. at 8-9). Plaintiff also disagrees with the Court's conclusion concerning the viability of his claims and maintains that the Court' s reasoning is vague and conclusory (Id. at 11-14). The grounds presented by Plaintiff do not warrant reconsideration and his motion is therefore, **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on May 6, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
*Pro se* Plaintiff