UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTIAN DOSCHER,

    Plaintiff,

v.                                           Case No:   6:19-cv-76-Orl-37TBS

APOLOGETICS AFIELD, INC.,

    Defendant.
_____

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion for Sanctions (Doc. 25). Defendant has filed a response in opposition to the motion (Doc. 30).

Pro se Plaintiff Christian Doscher asks the Court to sanction by public reprimand, Defendant's attorney Scott A. Livingston (Doc. 25). As grounds, Doscher alleges that Livingston has: (1) demonstrated a lack of concern for Doscher's scheduling needs; (2) falsely accused Doscher of filing frivolous lawsuits; (3) called Doscher a liar; (4) accused Doscher of getting enjoyment from filing "nonsensical claims" that waste the Court's time; and (5) has made "other similar express and implied disparaging innuendo" (Doc. 25 at 1-2). Attached to the motion are 50-pages of emails exchanged in just three days, which Doscher says support his allegations (Doc. 25-1).[1] Of the many emails provided the one that appears to have most offended Doscher states:

> Contrary to your claim, Mr. Doscher, you do play. You play at being an attorney. You file frivolous suit after frivolous suit as you play being someone more important than you are. You waste our court system's time on your nonsensical claims, and

---
[1] The emails were written during the period June 10-12, 2019 (Doc. 25-1).

> you get off on wasting other people's time. You play the part of someone who has a reputation to protect when they are an admitted liar, purposely engaging in "subterfuge" because he believes he has the right to deceive people if it is for his self-benefit.

(Doc. 25, § 33). Doscher argues that Livingston's emails violate Rule Regulating the Florida Bar 4-8.4(d) which provides that a lawyer shall not:

> engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic;

R. Regulating Fla. Bar 4-9.4(d).

Livingston counters that the emails reflect the back-and-forth typically engaged in by lawyers representing adverse parties (Doc. 30 at 3). He points out that Doscher admits in one email to having engaged in deception and argues that in other emails, Doscher impugns Livingston because he is a member of the legal profession (Id.). Livingston agrees he has made "forceful comments that also are not the best representation of his thoughts" in response to Doscher (Id.). And, Livingston observes that unlike the spoken word, email does not include tone (Id., at 3-4). Still, Livingston characterizes Doscher as being litigious, noting that a lawyer in another case called Doscher "a known vexatious litigant who intimidates his adversaries in the hope of squeezing money out of them to 'make him go away'" (Id., at 5) (quoting Christian Doscher v. Public Storage, Washington State Superior Court, #13-2-00754-9, Dkt. No 37 at 4).

In reviewing the emails attached to the motion, the Court came across some from Doscher in which he tells Livingston:

> Maybe that's why you suddenly shot me this condescending email when you previously knew that I suffer from Borderline Personality disorder and therefore knew that I do not take unjustified insults or condescension very well. How many other emotionally disabled people do you play this alpha-male act with? Or is it just me?"

(Doc. 25-1 at 19-20).

> Incorrect. And if you are the smart alpha-male you obviously wish for me to perceive you as, it cannot be difficult for you to skim the legal argument in my emails and respond to any facts or requests for relief you disagree with. Your defensiveness suggests you found my emails to be a blow to your ego.

(Id., at 20).

The Court has quoted from only three of the many childish emails Doschser and Livingston have exchanged (Id.). Obviously this needs to stop. Both sides need to learn that frequently the best response to immature behavior is to ignore it. Don't react, don't sink to the other side's level, don't try to fight fire with fire. There are disagreements in every case, that is what litigation is about. Most adversaries work out their disagreements while remaining calm and professional. Doscher and Livingston are admonished to discontinue this dumb conduct, work on their demeanor, and behave more maturely than they have to date. The Court hopes this rebuke will be sufficient to address the situation and on this basis, the motion for sanctions is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 10, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties